UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| v. ] | 2:14-CR-329-KOB |
| ] | |
| TERRI MCGUIRE MOLLICA, ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

This matter comes before the court on Ms. Terri Mollica's *pro se* "Motion to Reconsider Compassionate Release Pursuant to the First Step Act and COVID-19 Pandemic." (Doc. 105). Ms. Mollica again seeks compassionate release under 18 U.S.C. § 3582(c), as amended by the First Step Act, because of the current COVID-19 pandemic. The court construes Ms. Mollica's motion as a successive motion under § 3582(c) and finds that she has not shown entitlement to compassionate release.

I.   FACTUAL BACKGROUND

In 2016, the court sentenced Ms. Mollica to a total of 204 months' imprisonment—a below-guidelines sentence—for her involvement in in an eleven-million-dollar fraud scheme. (Doc. 64; doc. 89 at 82). At Ms. Mollica's sentencing, the court emphasized the necessity under 18 U.S.C. § 3553(a) for the below-guidelines but nevertheless heavy sentence because of Ms. Mollica's

1

repeated and egregious criminal activities. (Doc. 89). Currently, including pretrial detention, Ms. Mollica has served approximately 60 months of her sentence; she is incarcerated in the Federal Correctional Institute in Aliceville, Alabama.

In March 2020, Ms. Mollica filed two motions seeking compassionate release under § 3582(c), as amended by the First Step Act. (Doc. 94, doc. 95). She argued that she should be released because of an untreated uterine fibroid condition and because of the COVID-19 pandemic. This court entered a memorandum opinion and order denying compassionate release because Ms. Mollica had not shown that she met the requirements under § 3582(c), as her medical condition did not comport with the policy statements accompanying § 3582 and she did not exhaust her administrative remedies regarding her COVID-19 argument. (Doc. 100). However, the court also noted that, *even if Ms. Mollica had properly exhausted her administrative remedies, she would not have been entitled to release after consideration of the § 3553(a) factors.*

Ms. Mollica now asks the court to reconsider granting her compassionate release under § 3582(c)(1)(A) because of the current COVID-19 pandemic. (Doc. 105).

II.   **STANDARD OF REVIEW**

Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after imposition, but the court can

reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  A prisoner can exhaust administrative remedies by (1) pursuing all avenues of appeal of the BOP's failure to bring a motion for modification of sentence, or (2) by filing a request for relief with the warden to which the warden does not respond within 30 days.  *Id.*

Relevant to this case, the court can grant a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting a sentence reduction, the court must consider the factors in § 3553(a), if applicable, and determine whether they support a reduction.  18 U.S.C. § 3582(c)(1)(A).  In general, the defendant has the burden to show circumstances meeting the test for a reduction of sentence.  *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013); *see also United States v. Heromin*, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

### III.  DISCUSSION

In her motion Ms. Mollica seeks compassionate release under § 3582(c)(1)(A) because she has "extraordinary and compelling" reasons that

3

justify her release. (Doc. 105). Ms. Mollica asserts that she has now exhausted her administrative remedies by seeking compassionate release from the warden and not receiving a response for more than 30 days.

Ms. Mollica asserts that the court should reduce her sentence because the Aliceville FCI has experienced a COVID-19 outbreak of more than 20 cases and allegedly the prison has not been taking effective measures to contain the outbreak. She also argues that she has underlying medical conditions that make her especially susceptible to the virus, including hypertension, anemia, protein deficiency, and precancerous cells. Ms. Mollica requests that the court reduce her sentence to time-served and immediately release her from custody.

As an initial matter, the court notes that it will treat Ms. Mollica's motion for reconsideration as a successive § 3582 motion. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245 (11th Cir. 2017) (stating that there is no limitation in § 3582(c) preventing courts from considering successive § 3582(c) motions). The court did not consider Ms. Mollica's previous § 3582 motion based on COVID-19 because she had not met the prerequisite of exhausting her administrative remedies. *See United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (denying a motion for compassionate release based on the COVID-19 pandemic because the inmate had not complied with the statute and exhausted administrative remedies). A motion for reconsideration

4

would not change that deficiency.  However, by treating Ms. Mollica's motion as a successive § 3582 motion, the court can take into account Ms. Mollica's assertion that she has now exhausted her administrative remedies because she requested compassionate release from the warden and did not receive a response in 30 days. *See* 18 U.S.C. § 3582(c)(1)(A).

Although Ms. Mollica has now exhausted her administrative remedies, the court finds that she has not met her burden of showing that she meets the criteria for compassionate release under § 3582(c)(1)(A).  *See Hamilton*, 715 F.3d at 327. Ms. Mollica argues that she should qualify for compassionate release based on "extraordinary and compelling reasons."  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  The court assumes without finding that the COVID-19 pandemic can qualify as an extraordinary and compelling reason under §3582(c)(1)(A).  Nevertheless, the court finds that, because of her specific circumstances, Ms. Mollica does not qualify for compassionate release at this time.

In its previous memorandum opinion, the court noted that Ms. Mollica had not alleged that Aliceville had a COVID-19 outbreak or that Ms. Mollica was any more likely to contract COVID-19 than any other inmate.  According to Ms. Mollica's new motion, those things have changed.  She argues that Aliceville now has more than 20 COVID-19 cases and that her underlying conditions make her especially susceptible to the virus—though she fails to provide specific medical

5

evidence regarding her increased susceptibility.  However, the court's reasoning that Ms. Mollica is not entitled to relief after the application of the § 3553(a) factors has not changed.

Section § 3582 requires that a court contemplating a sentence reduction consider the § 3553(a) factors where applicable.  18 U.S.C. § 3582(c)(1)(A).  In its prior opinion, this court stated:

> The court specifically and explicitly considered the § 3553(a) factors when imposing Ms. Mollica's sentence and found that a below-Guidelines 204-month sentence accurately reflected Ms. Mollica's characteristics, the seriousness of her offense, the need to promote respect for the law, and the need to protect the public from further crimes. See (Doc. 89 at 84–90); 18 U.S.C. 3553(a). Ms. Mollica has served less than a third of the sentence that the court imposed after consideration of the § 3553(a) factors. A reduction of her sentence to time served would be a drastic measure not merited in this case.

*United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *5 (N.D. Ala. Apr. 20, 2020).  The court reiterated the fact that the § 3553(a) factors did not "weigh in favor of" Ms. Mollica's release when assessing her COVID-19 argument in her previous motion.  *Id.* at 6.  While Ms. Mollica's circumstances regarding COVID-19 may have changed since her last motion because of the outbreak at Aliceville, the application of the § 3553(a) factors has not.  Ms. Mollica still has only served a small fraction of a below-guidelines sentence for recurring and egregious criminal activity.  Additionally, Ms. Mollica still has not shown that she specifically has a higher risk of contracting a serious case of COVID-19 than other

6

inmates. Ms. Mollica is under 65 and the CDC has not listed the underlying conditions from which she suffers as creating particular risk for COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited on May 28, 2020). Accordingly, the court finds that Ms. Mollica has not shown entitlement to compassionate release upon consideration of the § 3553(a) factors.

## IV.   CONCLUSION

Once again, the court states that it does not lack sympathy for Ms. Mollica in these difficult times. Nevertheless, because of the specific facts of this case and the applicable law under § 3582(c)(1)(A), the court finds that Ms. Mollica does not qualify for compassionate release at this time. Thus, the court DENIES Ms. Mollica's motion for compassionate release.

**DONE** and **ORDERED** this 29th day of May, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE